(C.D. 2565)

UNION CARBIDE CORPORATION
C. J. TOWER & SONS OF NIAGARA, INC. } *v.* UNITED STATES.

United States Customs Court, Third Division

(Decided August 30, 1965)

*Otto Kinzel; John D. Rode,* associate counsel; for the plaintiffs.
*John W. Douglas,* Assistant Attorney General (*Herbert L. Warren,* trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges

RICHARDSON, Judge: The merchandise of these protests was imported at Niagara Falls, N.Y., from England, and is described on the invoices as "Nigerian Tin Slag." The merchandise was classified in liquidation as waste, not specially provided for, under 19 U.S.C.A., section 1001, paragraph 1555 (paragraph 1555, Tariff Act of 1930), as modified by the Torquay Protocol to the General Agreement on

Tariffs and Trade (T.D. 52739), and assessed for duty at the rate of 4 per centum ad valorem.

It is claimed by the plaintiffs that the merchandise should be classified under the duty-free provision of 19 U.S.C.A., section 1201, paragraph 1664 (paragraph 1664, Tariff Act of 1930), as metallic mineral substances in a crude state. It is the position of the defendant that the involved merchandise is not classifiable as claimed because it does not contain any *commercially recoverable* metal as such. The case was submitted to the court upon a stipulation, the material parts of which read as follows:

1. That the merchandise involved herein consists of Columbium-Tantalum slags imported from Nigeria.

2. That the merchandise at bar is similar in all material respects, except with regard to the amount of metal as such contained therein, to the merchandise involved in C.D. 2222 and C.D. 2361.

3. That the record in C.D. 2361, incorporating the record in C.D. 2222, may be incorporated in the record herein, with the reservation that any evidence in such records as to the presence or amount of any metal as such shall not be deemed in evidence herein.

4. That the United States Laboratory Report No. B17752, covering entry No. 0356, Niagara Falls, protest No. 60/22400, attached to this stipulation may be received in evidence.

5. That the ultimate finding set forth in the Government laboratory report referred to in Paragraph 4 may be accepted as representative of the merchandise involved herein. [Laboratory analysis of a sample of 184 grams shows that the sample contains 0.005% of metal, as such.]

6. That the metal referred to in the above mentioned laboratory report is not commercially recoverable, serves no useful function, and does not change the properties or value of the imported slag.

In both of the incorporated cases referred to in the stipulation, this court held that merchandise similar in all material respects to the merchandise at bar was properly classifiable under paragraph 1664 as metallic mineral substances in a crude state, and not as classified by the collector as waste, not specially provided for, under paragraph 1555. See *Philipp Bros., Inc.* v. *United States*, 45 Cust. Ct. 190, C.D. 2222, and *Philipp Bros., Inc., et al.* v. *United States*, 49 Cust. Ct. 62, C.D. 2361. In both of these cases we found that the merchandise contained metal as such. In C.D. 2222, we rejected the defendant's contention that the amount of metal contained in the imported material as such was so negligible as to warrant the court to disregard its presence under the *de minimis* rule. Defendant did not urge upon us the *de minimis* doctrine in C.D. 2361. Also, in C.D. 2222, it was conceded that the metal contained in the slag material as such was not *commercially recoverable*. Consequently, the decision of the court in C.D. 2222 was necessarily predicated upon a finding that the metal contained in the merchandise as such need not be *commercially recov-*

*erable* in order to permit of classification of the merchandise under paragraph 1664. Under such circumstances, the instant case is brought squarely under the ruling of this court in C.D. 2222, and the disposition here is controlled by our decision in that case.

We have examined the authorities to which attention is called in defendant's briefs for the proposition that the metal content of the merchandise must be such as is *commercially recoverable*, and find nothing in these authorities to support such a proposition, or which warrants a result opposite to that reached by the court in C.D. 2222. At best, the authorities cited by the defendant point out that the paricular metallic mineral substances involved in the protests and studies under consideration were valued because of the metals to be extracted therefrom. The authorities cited do not address themselves to or establish a rule that the metal content of the merchandise imported into this country *must* have some commercial significance or value in order to entitle such merchandise to classification under paragraph 1664. Use seems to have controlled the classification of the merchandise there involved under various competing paragraphs, and not the identity of the merchandise which is all that appears to be involved in paragraph 1664 classification. In fact, in one of the cases cited in our opinion in C.D. 2222, namely, *Alpha Lux Co., Inc. v. United States*, 27 CCPA 162, C.A.D. 79, the opinion of the Court of Customs and Patent Appeals seems to imply or suggest the existence of possible alternatives to the presence of metal as such in the mineral substances in order to bring an importation of one of the exemplars within paragraph 1664. And this is that the substance either be derived from a metallic mineral substance, or that the substance possess a commercial designation as a metallic mineral substance (p. 164). Neither of such alternatives would necessarily require the commercial recoverability of a metal content from the substance being imported in order to admit it to classification under paragraph 1664.

Defendant has called our attention to nothing in the legislative history of paragraph 1664 which indicates that Congress intended that the metal content of metallic mineral substances be commercially recoverable. And, in our opinion, nothing short of a clear pronouncement to this effect would warrant our placing such a construction upon the paragraph. To do so, we think would open the door for evasion of dutiable provisions on ores, alloys, and other substances which are imported and valued for their metal content. Therefore, for the reasons stated, and upon the authority of our decision in C.D. 2222, we sustain the plaintiffs' protest claim for classification of the involved merchandise under paragraph 1664.

Judgment will be entered accordingly.